IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DIANA G. JOHNSON                                                                  PLAINTIFF

vs.                                        Civil No. 6:22-cv-06004

COMMISSIONER, SOCIAL                                                       DEFENDANT
SECURITY ADMINISTRATION

**MEMORANDUM OPINION**

Diana G. Johnson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

application for Disability Insurance Benefits ("DIB") and a period of disability.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court

issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff filed her disability application on December 5, 2019.  (Tr. 13).  In this application,

Plaintiff alleges being disabled due to psoriatic arthritis and erosive osteoarthritis.  (Tr. 153).

Plaintiff alleges an onset date of April 5, 2019.  (Tr. 13).  This application was denied initially on

March 6, 2020, and this application was denied again on reconsideration on May 26, 2020.  *Id.*

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages
for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 10.  These
references are to the page number of the transcript itself not the ECF page number.

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 26-53). Plaintiff's administrative hearing was held in Little Rock, Arkansas on March 8, 2021. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") Euchay Horsman testified. *Id.* During this hearing, Plaintiff testified she was sixty-two (62) years old; and as for her education, Plaintiff testified she had graduated from high school. (Tr. 32).

On May 4, 2021, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 10-25). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2023. (Tr. 15, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 5, 2019, her alleged onset date. (Tr. 15, Finding 2). The ALJ determined Plaintiff had the following severe impairments: upper extremity psoriatic and erosive arthritis, osteoarthritis, carpal tunnel syndrome, and right hip bursitis. (Tr. 15-16, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16-17, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 17-20, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant cannot constantly use the upper extremities, but can frequently use the upper extremities to reach, handle, finger and feel.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 20, Finding 6). The VE testified at the administrative hearing regarding this issue. *Id.* Based upon that testimony, the ALJ

determined Plaintiff's PRW included work as a paralegal.  (Tr. 20, Finding 6).  Considering her

RFC, work experience, and the VE's testimony, the ALJ found Plaintiff retained the capacity to

perform that PRW as it is generally performed in the national economy.  (Tr. 20, Finding 6).

Based upon that finding, the ALJ determined Plaintiff was not under a disability, as defined

by the Act, from April 5, 2019 through the date of his decision or through May 4, 2021.  (Tr. 20,

Finding 7).  Plaintiff sought review with the Appeals Council.  (Tr. 2-7).  On November 23, 2021,

the Appeals Council denied Plaintiff's request for review.  *Id.*  On January 10, 2022, Plaintiff filed

the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on January

17, 2022.  ECF No. 5. This case is now ready for decision.

**2.**     **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision,

the Court may not reverse it simply because substantial evidence exists in the record that would

have supported a contrary outcome or because the Court would have decided the case differently.

*See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is

possible to draw two inconsistent positions from the evidence and one of those positions represents

the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d

1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ's RFC assessment is not supported by the medical evidence; and (B) the ALJ erred in finding she did not

meet the Grids.  ECF No. 12 at 1-13.  The Court will separately consider both of these arguments

for reversal.

### A.  RFC Determination

In her briefing, Plaintiff claims the ALJ erred in his RFC determination and erred by finding

she did not meet the requirements of Listing 1.18.  ECF No. 12 at 1-10.  Upon review of Listing

1.18D, to establish she meets the requirements of this Listing, Plaintiff is required to demonstrate

the following:

> D. Impairment-related physical limitation of musculoskeletal functioning that has
> lasted, or is expected to last, for a continuous period of at least 12 months, and
> medical documentation of at least *one* of the following:
>
> 1. A documented medical need . . . for a walker, bilateral canes, or bilateral crutches
> . . . for a wheeled and seated mobility device involving the use of both hands . . . ;
> or
>
> 2. An inability to use *one* upper extremity to independently initiate, sustain, and
> complete work-related activities involving fine and gross movements . . . *and* a
> documented medical need . . . for one-handed, hand-held assistive device . . . that
> requires the use of the other upper extremity or a wheeled and seated mobility
> device involving the use of one hand . . . ; or
>
> 3. An inability use *both* upper extremities to the extent that neither can be used to
> independently initiate, sustain, and complete work-related activities involving fine
> and gross movements.

In her briefing, Plaintiff references her testimony at the administrative hearing wherein she

claims she meets one of these three requirements of Listing 1.18D.  ECF No. 12 at 8-10.  While

Plaintiff has provided her testimony to support her claim that she meets one of these requirements,

she has not presented "medical documentation" that she meets those requirements.  Plaintiff has

the burden of demonstrating she meets all of the requirements of a given Listing.  *See, e.g., Johnson*

*v. Barnhart,* 390 F.3d 1067, 1071 (8th Cir. 2004).  Here, Plaintiff has not met that burden.  Thus,

there is no basis for reversal on this issue.

**B. Grid Determination**

Plaintiff claims the ALJ erred in assessing her impairments in relation to the Medical-Vocational Guidelines or the "Grids."  ECF No. 12 at 10-11.  She does supply any specific argument on this issue but instead argues the following: "Given Plaintiff's advanced age and lack of transferrable skills, she meets the GRID rule and should be found disabled."  *Id.*  In the ALJ's decision, however, the ALJ did not reach Step Five, where the Grids are applicable, but instead determined Plaintiff could perform her PRW at Step Four.  (Tr. 20, Finding 6).  Plaintiff, not the ALJ, has the burden at Step Four.  *See, e.g., Goff v. Barnhart,* 421 F.3d 785, 793 (8th Cir. 2005).  Because Plaintiff did not meet her burden at Step Four of demonstrating she cannot perform her PRW, the ALJ was not required to address Step Five or the Grids.  Thus, the Court finds no basis for reversal on this issue.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of January 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE